**IN RE: Salvatore DINOTO, Debtor.**

**Case No. 14–59127**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed November 15, 2016

See also 558 B.R. 187.

David G. Dragich, Amanda C. Vintevo-ghel, The Dragich Law Firm PLLC, Grosse Point, Michigan, Attorneys for the Gene R. Kohut, Chapter 7 Trustee

Daniel Marchese, The Marshese Law Firm, Rochester, Michigan, Attorney for Sue DiNoto

John P. Williams, Royal Oak, Michigan, Attorney for Debtor Salvatore DiNoto

**OPINION AND FURTHER ORDER REGARDING THE CHAPTER 7 TRUSTEE'S MOTION TO AP-PROVE COMPROMISE, AND AD-JOURNING THE NOVEMBER 16, 2016 HEARING**

Thomas J. Tucker, United States Bankruptcy Judge

This case came before the Court on October 12, 2016, for a hearing on the Chapter 7 Trustee's motion entitled "Motion to Approve Compromise Pursuant to Bankruptcy Rule 9019" (Docket # 51, the "Motion"). For the reasons stated by the Court on the record during that hearing, the Court entered an Order on October 21, 2016, for further proceedings on the Motion (Docket # 67, the "October 21 Order").

Consistent with the October 21 Order, the Chapter 7 Trustee filed a supplemental brief in support of the Motion on October 26, 2016 (Docket # 70, the "Trustee's Supplemental Brief" or the "Supplemental Brief"). The counter-parties to the proposed settlement, and the parties who objected to the settlement and the Motion, all were given an opportunity to file briefs regarding the subject matter of the Trustee's Supplemental Brief, but none did so.

■ The Court has carefully considered the Trustee's Supplemental Brief. The Court now adheres to its holding and views expressed in the Court's February 19, 2016 written opinion filed in the case of *In re Clements Mfg. Liquidation Co., LLC*, Case No. 09–65895 (Docket # 104), that a Chapter 7 Trustee may not assign avoidance claims as part of a settlement. (That opinion is now published at 2016 WL 6155907, and soon is to be published at 558 B.R. 187). And the Court concludes that the holding and views expressed in its *Clements Mfg.* opinion apply to the Motion in this case. This, in turn, requires a ruling that the present Motion cannot be granted, because it proposes a settlement including the Trustee's purported assignment of state-law based fraudulent transfer claims to the settlement counter-parties.

The Court incorporates by reference into this opinion and order all of its reasoning and citations of authority from its *Clements Mfg.* opinion. And the Court

makes the following comments about some of the arguments the Trustee makes in his Supplemental Brief:

1. In arguing that this Court should not follow the Third Circuit case of *Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.)*, 226 F.3d 237 (3rd Cir. 2000), the Trustee argues that under Bankruptcy Code § 544(a)(1), "a trustee becomes a lien creditor upon the commencement of a debtor's bankruptcy case." (Supplemental Brief at 3). But that is not correct. The trustee does not "become" a lien creditor. Rather, under the wording of § 544(a)(1), the trustee merely has "the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by," a judicial lien creditor of the type described in § 544(a)(1).

▇ 2. While the Trustee is correct that the Third Circuit's *Cybergenics* case did not expressly discuss § 544(a)(1), that case did discuss Bankruptcy Code § 544(b), and did so with reasoning that applies with equal force to the Trustee's argument under § 544(a)(1). (*Cybergenics* involved a Chapter 11 debtor in possession, which has the same § 544 avoidance powers as a Chapter 7 trustee). The Third Circuit reasoned, in part, as follows:

> The fact that section 544(b) authorizes a debtor in possession, such as Cybergenics, to avoid a transfer using a creditor's fraudulent transfer action does not mean that the fraudulent transfer action is actually an asset of the debtor in possession, nor should it be confused with the separate authority of a trustee or debtor in possession to pursue the prepetition debtor's causes of action that become property of the estate upon the filing of the bankruptcy petition. Rather, it simply enables a debtor in possession to carry out its trustee-related duties.

The power to avoid the debtor's prepetition transfers and obligations to maximize the bankruptcy estate for the benefit of creditors has been called a "legal fiction" by one court. It puts the debtor in possession "in the overshoes" of a creditor. This attribute is no more an asset of Cybergenics as debtor in possession than it would be a personal asset of a trustee, had one been appointed in this case. Much like a public official has certain powers upon taking office as a means to carry out the functions bestowed by virtue of the office or public trust, the debtor in possession is similarly endowed to bring certain claims on behalf of, and for the benefit of, all creditors.

[T]he avoidance powers neither shift ownership of the fraudulent transfer action to the debtor in possession, nor are themselves a debtor's assets, ....

*Cybergenics*, 226 F.3d at 243–44 (citations omitted). This Court agrees with this reasoning, and continues to agree with the holding in *Cybergenics*.

▇ 3. The assignment of state-law based fraudulent transfer claims to the settlement counter-parties, which the Trustee seeks to do as part of the proposed settlement, should not be confused with the bankruptcy court granting a creditor or group of creditors "derivative standing" to pursue a fraudulent transfer claim on behalf of the bankruptcy estate—*i.e.*, on behalf of all the creditors of the bankruptcy estate, not just for the benefit of selected assignee-creditors. The latter—derivative standing to prosecute fraudulent transfer avoidance claims on behalf of the entire bankruptcy estate—can be permitted in a Chapter 7 bankruptcy case, if certain requirements are met. And this Court has so ruled, for example, in the case of *In re Dzierzawski*, 518 B.R. 415 (Bankr. E.D. Mich. 2014) (granting such derivative standing to a large unsecured creditor in a

Chapter 7 case; applying the leading Sixth Circuit cases on that subject, *Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd.* (*In re The Gibson Grp., Inc.*), 66 F.3d 1436 (6th Cir. 1995) and *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc.* (*In re Trailer Source, Inc.*), 555 F.3d 231, 243–45 (6th Cir. 2009)).

4. Even assuming, as the Trustee says, that the settlement counter-parties hold some 97% of the unsecured claims in this case, that is not a reason to permit assignment to them of the fraudulent transfer claims. Rather, if anything, that presents a strong reason why such creditors might wish to, and be well suited to, be granted derivative standing to pursue the fraudulent transfer claims on behalf the entire bankruptcy estate, and to do so on terms that will not unduly burden the bankruptcy estate with litigation costs.

In sum, this Court continues to agree with the cases cited in its *Clements Mfg.* opinion for the proposition that fraudulent transfer claims may not be assigned by the Chapter 7 Trustee, as part of a settlement or a sale, or otherwise. As a result, the Court cannot and will not approve the settlement proposed by the Motion.

Under the circumstances, rather than simply denying the Motion at this point, the Court finds it appropriate to order the following further proceedings on the Motion.

IT IS ORDERED that:

1. The further hearing on the Motion, which is currently scheduled for November 16, 2016 at 10:00 a.m., is adjourned to **December 7, 2016 at 10:00 a.m.**

2. No later than November 29, 2016, the Chapter 7 Trustee may file at least one of the following *two* things in this case, relating to the Motion: (a) an amended settlement agreement, amending and superceding the settlement agreement that was attached to the Motion, signed by the Chapter 7 Trustee and the settlement agreement counter-parties, which does not include any assignment by the Chapter 7 Trustee of any avoidance claims; or (b) a statement by the Chapter 7 Trustee that the parties to the settlement agreement attached to the Motion no longer agree to any settlement, so that the Chapter 7 Trustee's Motion should be deemed withdrawn.

3. If the Chapter 7 Trustee files a statement indicating that the Motion should be deemed withdrawn, the Court will enter an order deeming the Motion withdrawn, and cancelling the further hearing scheduled for December 7, 2016.

4. If the Chapter 7 Trustee does not file either of the two things referred to in paragraph 2 of this Order by the November 29, 2016 deadline, the Court may enter an order denying the Motion, without further notice or hearing.

5. This opinion and order is without prejudice to the right of the Trustee or the settlement counter-parties, or both, to file a motion for an order granting derivative standing of the type referred to above.